UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ACCESS 4 ALL, INC., a Florida
Non-Profit Corporation, and JOE
HOUSTON, individually,
    Plaintiffs,

Case No. 6:12-cv-1298-ORL-28-6JK

Vs.

APOPKA SHOPPING CENTER LLP.,
A Florida Limited Liability Partnership,
    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS

COMES NOW, Defendant APOPKA SHOPPING CENTER LLP, by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) and hereby moves to dismiss the Complaint filed by Plaintiffs and as grounds therefore states as follows:

    1.    Plaintiffs filed their complaint on August 23, 2012, alleging violations of the Americans with Disabilities Act ("ADA"). (DE 1).

    2.    Plaintiffs' Complaint fails to state sufficient facts to support Plaintiff's standing to bring the complaint; it fails to state a cause of action for relief under the ADA, and it fails to allege sufficient facts upon which a permanent injunction may be granted.

    3.    Plaintiffs fail to allege a plausible threat of future injury, and therefore failed to allege subject matter jurisdiction over this case. In addition, certain allegations of ADA violations merely parrot the statutory language and otherwise fail to provide Defendant with notice of the claims against it.

## MEMORANDUM OF LAW

"Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Gjondrekaj v. Napolitano*, 2011 U.S. Dist. LEXIS 90233 (M.D. Fla. Aug. 2, 2011). "Thus a Rule 12(b)(6) motion tests the legal sufficiency of a complaint." *Id.* "In considering a motion to dismiss brought under Rule 12(b)(6), the alleged facts in the complaint must be accepted as true and be construed in the light most favorable to the plaintiffs." *Id.*, citing *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006) (quoting *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)). "Dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief." *Id.*, citing *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

"To survive a motion to dismiss, a complaint must state a claim for relief that is plausible on its face." *Joel v. HSBC Bank USA*, 420 Fed. Appx. 928, 930 (11th Cir. 2011), citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "[P]leadings offering only labels and legal conclusions couched as factual allegations enjoy no presumption of truth and offer no support to the sufficiency of the complaint." *Gunder's Auto Center v. State Farm Mut. Auto. Ins. Co.*, 422 Fed. Appx. 819, 821 (11th Cir. 2011), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009).

Rule 8 of the Federal Rules of Civil Procedure states that a complaint must include: 1) a short and plain statement of the grounds upon which the court's jurisdiction depends; 2) a short and plan statement of the claim showing that the pleader is entitled to relief; and 3) a demand for judgment for relief. A complaint will meet the requirements of Rule 8 if it provides factual allegations, which when assumed to be true, are sufficient to

"raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The obligation to provide the grounds for entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which "are not entitled to [an] assumption of truth." *Ashcroft*, at 129 S.Ct. 1937, 1949.

"In order to prevail under Title III of the ADA, a plaintiff generally has the burden of proving: 1) that [he] is an individual with a disability; 2) that defendant is a place of public accommodation; and 3) that defendant denied [him] full and equal enjoyment of the good, services, facilities or privileges offered by defendant 4) on the basis of [his] disability." *Shiavo ex re. Schindler v. Schiavo*, 358 F. Supp. 2d 1161, 1165 (M.D. Fla. 2005). "Further, if the claim alleges discrimination due to an architectural barrier, the plaintiff is also required to show that it is a barrier prohibited by the ADA, the removal of which is 'readily achievable.'" *Pinero v. 4800 W. Flagler, L.L.C.*, 430 Fed. Appx. 866 (11th Cir. 2011). "'Readily achievable'" means easily accomplishable and able to be carried out without much difficulty or expense." *Id.*, citing 42 U.S.C. § 12181(9); see also *Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269 (11th Cir. 2006).

In order to satisfy Article III's standing requirements, and to invoke this Court's jurisdiction, the Plaintiff may sufficiently allege and demonstrate: 1) an injury in fact; 2) a causal connection between the injury and the conduct complained of; and 3) that it is likely that the injury will be redressed by a favorable court ruling. *Lujan v. Defenders of*

*Wildlife*, 504 U.S. 555, 560-61 (1992). The injury in fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.*, at 560.

The Plaintiffs fail to include information about when the individual visited the Defendant's premises. The complaint merely alleges in paragraph 5 that the individual Plaintiff "has visited the property" and "plans to return to the property". The Complaint also alleges that the "Plaintiff has encountered architectural barriers at the subject property." (Paragraph 5 of the Complaint) The Complaint also alleges that a "preliminary inspection has shown that violations exist... which Joe Houston personally encountered." (Paragraph 10 of the Complaint) Paragraph 10 includes a list which is generic in nature.

Plaintiffs' bare allegations that certain barriers discriminated against him fail to state a claim for relief because the allegations are factually deficient. *Campbell v. Grady's Bar, Inc.*, 2010 U.S. Dist. LEXIS 69851 (S.D. Fla. July 12, 2010). It is impossible to determine from the allegations of the complaint what barriers were actually encountered and tested by the Plaintiff, and whether there is a causal connection between any injury and any alleged barrier, or whether any of the alleged injuries could be remedied. The conclusions are not supported by any facts from which Plaintiffs' concrete and particularized injuries can be determined. Merely listing potential violations of the ADA is insufficient. Furthermore, the allegations of paragraph 10 are essentially a laundry list containing conclusions and lacking any facts to support the existence of violations, concrete and particularized injuries, the nature and extent of the barriers allegedly encountered or any other factual basis for the conclusions. Therefore, Plaintiffs have failed to show that either has standing to bring this action because they have failed to plead sufficient facts to satisfy Article III's standing requirements.

In addition, while Plaintiffs allege that removal of any of the barriers listed in the Complaint is readily achievable, they fail to allege any facts that would "raise a right to relief above the speculative level." *Twombly*, supra, at 555. Plaintiffs' mere recitation of statutory requirements and bare statements that barrier removal is achievable is insufficient to plead that the removal of any barriers is readily achievable. *Id.*

Specifically, the complaint utterly fails to discuss the factors to be considered when evaluating whether barrier removal is readily achievable, including, inter alia: the nature and cost of the action needed; the overall financial resources of the facility involved in the action; and the effect on expenses and resources. Plaintiffs must include well-pleaded allegations of fact that support the conclusion that barrier removal is readily achievable, and has failed to do so. The legal conclusion is not entitled to an assumption of truth. *Iqbal*, supra, at 1951.

The allegations are also insufficient to support the remedy of a permanent injunction. "The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights…" *Nat'l Airlines, Inc. v. Airline Pilots Ass'n Int'l*, 431 F. Supp. 53, 55 (S.D. Fla. 1976). There are no allegaions regarding Plaintiffs' plans to return to the property. It is merely alleged that "Joe Houston desires to visit Apopka Plaza not only to avail himself of the goods and services available at the property but to assure himself that these property are in compliance with the ADA…" (Complaint paragraph 8). It is well settled that "some day intentions – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of 'actual or imminent' injury that

our cases require." *Lujan*, supra, at 564. When a court considers the question of actual future injury, it must look at: 1) the proximity of the place of public accommodation to Plaintiffs' residence; 2) Plaintiffs' past patronage of Defendant's business; 3) the definitiveness of Plaintiffs' plan to return; and 4) the Plaintiffs' frequency of travel near defendant. *Fox vs. Morris Jupiter Assocs.*, 2007 U.S. Dist. LEXIS 70884 (S.D. Fla. September 21, 2007).

"A Plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A Plaintiff must demonstrate: 1) that it has suffered an irreparable injury; 2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; 3) that, considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted; and 4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391; 126 S. Ct. 1837; 164 L. Ed. 2d 641 (2006). Plaintiffs seeking injunctive relief must demonstrate a "real and immediate threat of injury by the Defendant." *City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n.8; 103 S. Ct. 1660; 75 L. Ed. 2d 675 (1983). "To issue a permanent injunction under the ADA..., the Court must apply the same factors as it would in any other case in which a Plaintiff sought a permanent injunction." *Wilson v. Broward County, Fla.*, 2008 U.S. Dist. LEXIS 20017 (S.D. Fla. Mar. 14, 2008).

While Plaintiffs allege that the individual visited the property and found barriers that denied access there is no statement or allegation that he provided information about the barriers to the facility prior to initiating legal action. While notice to a facility is not a requirement under the ADA, the current flood of litigation could be ameliorated if

6

potential Plaintiffs took one additional step before filing suit. See *Rodriguez v. Investco L.L.C.*, 305 F. Supp. 2d 1278 (M.D. Fla. 2004); *Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368 (M.D. Fla. 2004).

The bare facts alleged, even when taken as true and viewed in the light most favorable to the Plaintiffs, fail to allege sufficient facts to give Plaintiffs standing to bring this action, fail to allege sufficient facts to state a claim under the Americans with Disabilities Act, and fail to state a claim for which injunctive relief may be granted.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiffs' complaint in its entirety, and for other such relief as this Court may deem just and proper.

_____
CARLA T. REECE
Florida Bar No.: 883816
Lynch & Robbins, P.A.
7901 Kingspointe Parkway, Suite 8
Orlando, FL 32819
Phone: 407-730-3022
creece@floridalawyer.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via the CM/ECF system on September 19, 2012. I understand that an electronic copy and/or electronic notification will be sent to: **JOHN P. FULLER, ESQ., FULLER, FULLER, & ASSOCAITES, P.A.**, 12000 Biscayne Blvd., Suite 609, N. Miami, FL 33181.

_____
CARLA T. REECE
Florida Bar No.: 883816